UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON PALMER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN ZANONI,<br><br>　　　　　Defendant. | Case No.: 1:23-cv-00960-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Marlon Palmer is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　　PROCEDURAL BACKGROUND**

Plaintiff initiated this action by filing his complaint on June 27, 2023. (Doc. 1.) On that same date, this Court issued prisoner new case documents. (Doc. 2.)

On June 29, 2023, the Court issued an Order directing Plaintiff to file an application to proceed *in forma pauperis* ("IFP") or to pay the filing fee, within 45 days. (Doc. 3.)

On July 5, 2023, the United States Postal Service returned the prisoner new case documents to the Court, marked "Undeliverable, Not in Custody." (*See* Docket Entry dated 7/5/23.)

On July 17, 2023, Plaintiff filed a Notice of Change of Address. (Doc. 4.)

//

1  On July 18, 2023, the prisoner new case documents and the Order directing Plaintiff to file
2  an IFP application or to pay the filing fee were re-served on Plaintiff to his new address of record:
3  Central Valley Annex, P.O. Box 637, McFarland, CA 93250. (*See* first Docket Entry dated
4  7/18/23.) The United States Postal Service also returned the Order directing Plaintiff to file an
5  IFP application or to pay the filing fee after it was initially served June 29, 2023; that piece of
6  mail was also marked "Undeliverable, Not in Custody." (*See* second Docket Entry dated 7/18/23.)
7  On July 26, 2023, Plaintiff filed the Consent/Decline of U.S. Magistrate Judge Jurisdiction
8  form. (Doc. 5.)
9  Despite the passage of more than 45 days,[1] Plaintiff has failed to submit an IFP
10 application or to pay the filing fee as ordered.

**II.     DISCUSSION**

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). *See also Maldonado-Ramirez v. Case Records Director*, No. 1:23-cv-00212-ADA-SKO (PC), 2023 WL 4565045, at *1 (E.D. Cal. July 17, 2023) (dismissing action without prejudice for plaintiff's failure to pay filing fee as ordered); *Epperson v. California*, No. 1:19-cv-00743-LJO-BAM, 2019

---

[1] 7/18/23 (date of re-service of the order) + 45 days = 9/1/23.

WL 3860210, *1 (E.D. Cal. Aug. 16, 2019) (recommending dismissal of action for failure to pay filing fee or to file IFP application).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, Plaintiff has neither submitted an IFP application as ordered, nor paid the required filing fee. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. The Court finds that both the first and second factors—the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket— weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

Next, while the risk of prejudice to defendants is a lesser factor here because the named defendants have not appeared in the action, a presumption of harm or injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff's failure to submit an IFP application or to pay the required filing fee within 45 days amounts to an unreasonable delay in prosecuting this action. Therefore, the Court finds the third factor, a risk of prejudice to defendants, weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Plaintiff has failed to move this case forward and is impeding its progress by failing to obey court orders. The Court finds the fourth factor, the public policy favoring disposition on the merits, also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Here, the Order to submit an IFP application or to pay the filing fee expressly warned: "**No requests for extension [of time] will be granted without a showing of good cause. Failure to comply with this order will result in dismissal of this action**." (Doc. 3 at 1, emphasis in original.) Additionally, Plaintiff was previously warned that a failure to obey courts may result in dismissal of the case. (*See* Doc. 2 at 1 [First Informational Order In Prisoner/Civil Detainee Civil Rights Case].) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with Court orders. Moreover, at this stage of the proceedings, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Therefore, the fifth factor, the availability of less drastic sanctions, weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

In sum, it appears that Plaintiff has abandoned this action. More than 45 days have passed following the Court's order, re-served on July 18, 2023, directing Plaintiff to submit an IFP application or to pay the $402 filing fee. Nevertheless, Plaintiff has neither submitted an IFP application, nor paid the filing fee. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders.

### III. CONCLUSION AND RECOMMENDATION

The Clerk of the Court is **DIRECTED** to assign a district judge to this action.

For the reasons stated above, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of

4

rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 6, 2023**                    /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE